IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| AUDUBON SOCIETY OF PORTLAND, an Oregon non-profit Corporation; OREGON WILD, an Oregon non-profit corporation; and WATERWATCH OF OREGON, an Oregon non-profit corporation, | Case No. 1:17-cv-00069-CL (lead) Case No. 1:17-cv-00098-CL (trailing) Case No. 1:17-cv-00468-CL (trailing) Case No. 1:17-cv-00531-CL (trailing) |
| Plaintiffs, v. | OPINION & ORDER |
| RYAN ZINKE, in his official capacity as Secretary of the Interior; JIM KURTH, in his official capacity as Acting Director of the U.S. Fish and Wildlife Service; and UNITED STATES FISH AND WILDLIFE SERVICE, a federal agency of the U.S. Department of the Interior, | |
| Defendants, | |
| TULELAKE IRRIGATION DISTRICT; KLAMATH WATER USERS ASSOCIATION; TULELAKE GROWERS ASSOCIATION; TALLY HO FARMS PARTNERSHIP dba WALKER | |

Page 1 – OPINION & ORDER

BROTHERS; FOUR H ORGANICS,
LLC; and WOODHOUSE FARMING
AND SEED COMPANY,

                Intervenor-Defendants.

CLARKE, Magistrate Judge.

On April 17, 2017, the Court ordered the parties to confer regarding a proposed briefing schedule. The parties agree on most scheduling issues, and their proposed schedules are largely similar; however, the conservation organizations and federal defendants disagree with each other on a procedure for resolving disputes over the completeness of the administrative record, as well as the number of summary judgment response briefs federal defendants should be allowed to file and when, exactly, each parties' briefs will be due. The Court adopts aspects of both proposals and sets forth the consolidated cases' briefing schedule below.

## I.    Procedure for resolving administrative-record disputes

First, the Court notes all parties agree that issues over completeness of the administrative record should be addressed first through out-of-court negotiation between the parties. Moreover, all parties agree that motions challenging "threshold issues" over completeness of the administrative record should be filed prior to any party moving for summary judgment. Finally, all parties agree on the dates any negotiations and/or motions pertaining to threshold administrative-record issues must be completed or filed by. The Court agrees and adopts the parties' proposed dates, as set forth below.

Next, the conservation organizations argue all plaintiffs should be entitled to file with their summary judgment briefs any extra-record materials not dealt with at the "threshold" stage and that they wish the Court to consider on summary judgment; they argue this would streamline the process because "parties can usually only demonstrate that the Court should consider extra-record

materials by reference to their arguments on the merits and the facts of the case." Proposed Briefing Schedule, at 4. Federal defendants, by contrast, contend disputes regarding extra-record materials should be addressed through separate briefing prior to summary judgment.

The Court agrees with the conservation organizations. It is not until the parties have completely reviewed the evidence and refined and narrowed their arguments that the full extent of extra-record materials, if any, a party will ask the Court to consider can truly be known. Until such time, attempting to assess what extra-record materials may be necessary to adequately set out an argument on summary judgment would be highly speculative and result in a waste of judicial—not to mention party—resources, as the Court would almost certainly be asked to address the acceptability of extra-record materials that would ultimately prove unnecessary for summary judgment purposes. In addition, a requirement that all issues of extra-record materials be addressed before any party moves for summary judgment necessarily prohibits a party from seeking to supplement the record once summary judgment has commenced, no matter the good-faith reason for doing so.

Such a restrictive outcome seems unnecessary and less efficient than the alternative. And, indeed, it is not how this Court has dealt with the issue in the past. *See Ctr. for Biological Diversity v. Wagner*, Civ. No. 08-302-CL, 2009 WL 2176049, at *7-9 (D. Or. Jun. 29, 2009) (after stating that the Court may inquire into materials outside the administrative record when necessary to explain an agency's action, the Court admitted and analyzed a declaration containing extra-record materials that was submitted by the federal defendants in their summary judgment reply brief). Finally, a procedure that entitles parties to file any extra-record materials they wish the Court to consider on summary judgment with their briefs runs in tandem with the District's practice of handling many evidentiary issues on summary judgment. *See* LR 56-1(b).

Accordingly, the Court holds that parties are not foreclosed from seeking to supplement the record once summary judgment briefing begins. That said, however, as federal defendants rightfully point out, the party who seeks to admit extra-record materials has the initial burden of demonstrating to the Court why the materials should be considered.[1] *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014) ("[T]he party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies").

## II. Number of briefs per party

Next, the conservation organizations and federal defendants disagree over the number of summary judgment response briefs federal defendants should be entitled to file. Four cases have been consolidated in this matter, and the conservation organizations maintain that plaintiffs in each case should be entitled to file a separate motion for summary judgment with respect to each case. They then argue, however, that, for the sake of judicial efficiency, federal defendants' response and cross-motion for summary judgment should be confined to a single brief. Federal defendants assert that they, like plaintiffs, should be entitled to separate briefs, "as opposed to a single brief addressing the arguments of plaintiffs in four separate cases[,] on account of the differences in the claims brought in each case, as well as the ability to keep the cases separate in the event of appeal." Proposed Briefing Schedule, at 8-9.

The Court agrees with federal defendants that they, like plaintiffs, should be entitled to file separate briefs. Allowing federal defendants to file separate briefs comports with notions of equity; indeed, providing one set of parties with the privilege of submitting four separate briefs, while at the same time limiting the responding parties to a single brief that will inevitably contain some

---

[1] It does not appear the conservation organizations challenge this requirement. *See* Proposed Briefing Schedule, at 4.

Page 4 – OPINION & ORDER

restrictive page limit necessarily prejudices the responding parties by restricting the thoroughness or adequacy of their response and cross-motion for summary judgment.

With that said, however, the Court thinks the most logical path forward is to provide all parties with the option of submitting either a single brief or separate briefs in moving, responding, or replying to summary judgment motions. As the parties themselves acknowledge, "[u]ntil a party actually receives the briefs to which it must respond," or determines the arguments it must make in initially moving for summary judgment, "it cannot be determined how to most effectively and efficiently" structure their motions or responses. Proposed Briefing Schedule, at 12. For instance, while preparing to move for summary judgment, plaintiffs may decide that a single summary judgment brief is more efficient and more persuasive than four separate briefs; likewise, after taking into account the degree of commonality between the four cases, federal defendants may ultimately conclude that a single response brief is most logical. Accordingly, after taking into account matters of equity and efficiency, the Court believes it most sensible for the parties to make their own determination on the number of summary judgment briefs—opening, response, and reply—to file in this matter. Federal defendants will therefore not be restricted to a single response brief, as requested by the conservation organizations; instead, should they choose, federal defendants, like plaintiffs, will be allowed to file separate briefs addressing summary judgment in all four of the consolidated cases.

Finally, the conservation organizations ask that if the Court allows federal defendants to file separate briefs, the Court should then extend the deadline for plaintiffs to file their respective replies in support of their motions for summary judgment and responses to the federal defendants' cross-motions for summary judgment; the conservation organizations argue this additional time will be necessary to address the increased number of briefs. The Court believes federal defendants'

staggered approach, set forth in the briefing schedule below, sufficiently addresses plaintiffs' concern. Accordingly, the Court adopts this approach.[2]

### III. Briefing Schedule

The briefing schedule for the four consolidated cases is as follows:

a. On or before **June 30, 2017,** plaintiffs shall notify federal defendants whether they believe the administrative record is complete or should be completed with additional materials. Should a dispute arise regarding the completeness of the administrative record, the parties will attempt to negotiate a resolution. Whether there is need to supplement the record with extra-record materials, and whether the proffered extra-record materials are within any exceptions to record review, will be addressed at summary judgment.

b. The parties will file a status report on or before **July 28, 2017,** notifying the Court that either (a) they have reached agreement that the records for judicial review are complete, or (b) one or more parties intend to move the Court to resolve a dispute regarding completeness of the administrative record.

c. Any motion challenging completeness of the administrative record shall be filed by **August 11, 2017.** Briefing on any such motion shall proceed in accordance with LR7. The Court will rule on any such motion as expeditiously as practicable so the matter is resolved prior to commencement of summary judgment briefing.

d. On or before **August 21, 2017,** plaintiffs shall file separate motions for summary judgment in their respective cases, or, should they choose, a single motion for summary judgment addressing all four cases.

e. On or before **November 20, 2017,** federal defendants and intervenor-defendants shall each file separate oppositions to plaintiffs' motions for summary judgment and cross-motions for summary judgment in the following cases: *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, No 1:17-cv-468-CL, and *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17-CV-98-CL.

f. On or before **December 4, 2017,** federal defendants and intervenor-defendants shall each file separate oppositions to plaintiffs' motions for summary judgment and cross-motions for summary judgment in the following cases: *Audubon Society of Portland et al. v. Sally Jewell et al.*, No. 1:17-CV-69-CL, and *Tulelake Irrigation*

---

[2] The Court notes, however, that if federal defendants decide, in their discretion, to file a single response and cross-motion, as opposed to separate briefs, and plaintiffs also choose to reply/respond to federal defendants' response and cross-motion in a single brief, there will be no need for plaintiffs to stagger their reply/response, and therefore plaintiffs' single reply/response brief shall be due on the date the second set of reply/response briefs would have been due under the staggered approach.

*District et al. v. U.S. Fish and Wildlife Service et al.*, No. 17-cv-531-CL.[3]

g. On or before **December 20, 2017,** plaintiffs in *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, No 1:17-cv-468-CL, and *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17- CV-98-CL, shall each file their respective replies in support of motions for summary judgment and responses to cross-motions for summary judgment in their respective cases.

h. On or before **January 4, 2018,** plaintiffs in *Audubon Society of Portland et al. v. Sally Jewell et al.*, No. 1:17-CV-69-CL, and *Tulelake Irrigation District et al. v. U.S. Fish and Wildlife Service et al.*, No. 17-cv-531-CL, shall each file their respective replies in support of motions for summary judgment and responses to cross-motions for summary judgment in their respective cases.[4]

i. On or before **January 29, 2018,** federal defendants and intervenor-defendants shall each file separate replies in support of their cross-motions for summary judgment in the following cases: *Center for Biological Diversity v. U.S. Fish and Wildlife Service*, No 1:17-cv-468-CL, and *Western Watersheds Project v. U.S. Fish and Wildlife Service*, No. 1:17-CV-98-CL.

j. On or before **February 12, 2018,** federal defendants and intervenor-defendants shall each file separate replies in support of their cross-motions for summary judgment in the following cases: *Audubon Society of Portland et al. v. Sally Jewell et al.*, No. 1:17-CV-69-CL, and *Tulelake Irrigation District et al. v. U.S. Fish and Wildlife Service et al.*, No. 17-cv-531-CL.[5]

Page limits for all briefs will be in accordance with the local rules, unless a party or parties choose to consolidate separate briefs into one single brief, in which case, that party or parties may move for an extension of the page limit.

IT IS SO ORDERED and DATED this ____ day of May, 2017.

MARK D. CLARKE
United States Magistrate Judge

---

[3] Should they choose, federal defendants and intervenor-defendants may instead each file a single opposition to plaintiffs' motion(s) for summary judgment and cross-motion for summary judgment addressing all four cases. If they choose to do so, the brief is due December 4, 2017.

[4] Should they choose, plaintiffs may instead file a single reply in support of their motion(s) for summary judgment and response to cross-motion(s) for summary judgment. If they choose to do so, the brief is due January 4, 2017.

[5] Should they choose, federal defendants and intervenor-defendants may instead each file a single reply in support of their respective cross-motion(s) for summary judgment.

Page 7 – OPINION & ORDER